Aaron F. Goldstein, J.
The defendant was charged with a single count of violation of section 974-a of the Penal Law; he was tried by this court without a jury; the following facts were ascertained: Initially, the police recognized the defendant’s automobile parked in front of the Lincoln Hotel in the City of Long Beach; the police entered the hotel from the rear of the building and proceeded into a basement locker room where the defendant was located sitting at a table with another individual, drinking a bottle of beer. The police testified, that the defendant upon detecting the approaching policeman, discarded a wad of paper to the floor. Subsequent testimony established that the wad contained 13 slips, and recorded thereon were some 500-odd plays. The defendant was then taken to the Long Beach Police Station and searched. The police in the instant case had no arrest or search warrant.
The defendant’s guilt or innocence shall be predicated upon the application of these facts to the prohibitions set forth in section 974-a of the Penal Law. The section is primarily directed at those professional gamblers who operate a policy business. *994 This section is interpreted by this court in the disjunctive; the beginning phase functionally applies to the keeping of an establishment for the purpose of there receiving in any one day written records of over 100 plays. Did the defendant in the instant case utilize the area of the Lincoln Hotel where the police apprehended him as an establishment for the purpose of there-receiving the plays enumerated in the statute ? The evidence wholly fails to implicate the defendant to the extent required by the first phase of the section in order to consider his activities violative thereof.
The remaining corpus of the section, which this court interprets as disjoined from the first half referred to above, concerns itself with the receipt of ‘ ‘ money or written records * * * from a person other than the bettor or player * * * in any one day more than five hundred dollars of money * * * or written records of more than one hundred plays or bets made over any period of time * * * shall be guilty of a felony ”.
The instant case is devoid of any evidence indicating the manner in which the policy slips were received, and this court has serious doubts as to whether the written records referred to in the statute include policy slips per se, or the more extensive written records kept and maintained by professional criminals who organize and profit from gambling syndicates.
The Governor’s message concerning enactment of section 974-a of the Penal Law revealed that it was aimed at professional criminals who organize and profit from gambling .syndicates. The felony provided would subject the ringleaders of gambling rackets to substantial prison terms.
It appears obvious that section 974-a was intended to give law-enforcement authorities sufficient procedure and penalties to cope with the professional gambling syndicates and so-called “banks” that have insidiously permeated the fabric of our society. The section is designed to apply to the establishment and/or the receiving as a felony. This court is hardly convinced that the activities of the defendant in this case was tantamount to the conduct proscribed in the section when read in conjunction with the aims set forth in the accompanying message.
This court concedes that the section under consideration is awkwardly drafted, and the language cannot easily or readily be construed, but is convinced, however, that a close reading of the section, and the employment of semantical gymnastics reveals the legislative prohibitions intended.
Section 974-a does not create by mere possession a presumption of knowingly possessing policy slips in violation of the section which if not properly rebutted constitutes the offense.
*995 Section 975 of the Penal Law makes it a misdemeanor to possess certain writings and papers which represent records of chance, shares and interest, numbers sold, give away, drawn and solicited. Mere possession is knowing and if not rebutted is sufficient to constitute the offense. (People v. Ulisano, 18 A D 2d 432.)
However, this court does not have before it the problem of applying the facts of the case to section 975 of the Penal Law and will not attempt to resolve the question before it on an academic basis. The indictment contains one count, to wit: A violation of section 974-a. This court cannot go beyond the four corners of the indictment.
Conviction of the defendant in the instant case must be predicated on the facts constituting a violation of section 974-a. This court is of the opinion, that the defendant, based on the evidence before it, did not violate the prohibitions set forth in section 974-a, as aforesaid.
This court harbors serious reservations concerning the probable cause that initially existed concerning the arrest of the defendant, and the reasonableness and legality of the search which revealed the written evidence submitted in the case. The court will restrain itself from a dissertation of the legality of same, because the discussion would prove academic in the light of the decision of this court that the acts of the defendant in the instant case were not violative of section 974-a of the Penal Law.